**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 13 2017

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

JOHN JONES )
)
PLAINTIFF, )
)
V. )
)
GEMINI CAPITAL GROUP, LLC )
& )
LAW OFFICES OF ALLEN AND WITHROW )
)
DEFENDANT, )

CIVIL ACTION NO.

2:17-cv-00161 KGB

This case assigned to District Judge _____ Baker
and to Magistrate Judge _____ Deere

## COMPLAINT

### INTRODUCTION

1. Plaintiff, John Jones, by and through his attorneys, Legal Aid of Arkansas, Inc., brings this action seeking relief in Defendants' violation of the Fair Debt Collection Practices Act, U.S.C.A. 15 § 1692, seq,. Plaintiff's claim is based on Defendants' attempt to garnish Plaintiff's wages without obtaining a judgment against Plaintiff or serving Plaintiff with any lawsuit. Plaintiff's claim is also based on a debt that was the result in identity theft.

### JURISDICTION

2. Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2)because the events giving rise to the claims occurred in the Eastern District of Arkansas, Plaintiff resides in the Eastern District of Arkansas and Defendants transact business in the Eastern District of Arkansas.

## PARTIES

4. Plaintiff John Jones (Jones) is an individual who resides at 298 Phillips 334 Loop, Helena, AR 72334. Mr. Jones is a consumer as defined by FDCPA, 15 U.S.C.A. § 1692a.

5. Defendant Gemini Capital Group (Gemini) is a financial institution duly organized under New York law, with a principal place of business at 180 South Broadway, Suite 406, White Plains, New York 10605. Defendant Gemini Capital Group is a debt collector, whose principal purpose is to collect debts, as defined by FDCPA, 15 U.S.C.A. § 1692a.

6. Defendant The Law Offices of Allen and Withrow (Allen and Withrow) is a professional corporation duly organized under Arkansas law, with a principal place of business at 12410 Cantrell Road, Little Rock, AR 72223. Defendant Allen and Withrow is a debt collector as defined by FDCPA, 15 U.S.C.A. § 1692a.

## FACTUAL ALLEGATIONS

7. On August 7, 2012, Defendants filed a collections suit against Joan Jones.

8. The suit alleged that Joan Jones owed $1,291.86 to Gemini after she defaulted on a Credit One Bank credit card. See Exhibit A.

9. Attached to the Complaint was an affidavit by Roger Neustadt, CEO of Gemini, who swore that he was familiar with Joan Jones' account. See Exhibit B.

10. No other document was attached to the Complaint, and to date, no document associated with the account allegedly belonging to Joan Jones has been provided to Jones or his Counsel.

11. On February 18, 2013, Mid-South Investigations Inc., on behalf of Defendants, purportedly by substitute service, served Joan Jones at 726 Garland Street, West Helena, by leaving the Summons and Complaint with Joan Jones' nephew, Jordan Jones. See Exhibit C.

12. On April 6, 2013, Defendants' moved for default judgment against Joan Jones. See Exhibit D.

13. The default judgment was granted in favor of Gemini against Joan Jones on April 12, 2016. See Exhibit E.

14. Defendants caused a writ of garnishment to be issued against Joan Jones at Euramax International, Inc., on June 6, 2016 See Exhibit F.

15. On August 30, 2016, the writ of garnishment was dismissed. See Exhibit G.

16. Defendants caused a writ of garnishment to be issued against Joan Jones AKA Henry Jones, John Jones, Joann Jones at Euramax International on September 15, 2016. See Exhibit H.

17. "Joan Jones" was served with the garnishment around that time.

18. Jones, through Counsel, filed a motion to set aside the judgment, quash the garnishment and dismiss the complaint on October 25, 2016. See Exhibit I.

19. Defendants did not respond and on December 8, 2016, an Order setting aside the Judgment, quashing the garnishment and dismissing the complaint as to John Jones was filed. See Exhibit J.

20. Defendants finally responded on December 14, 2016, without addressing the legal arguments in Jones' motion, with a response that for the first time alleged that John Jones

was an alias of Joan Jones, though it provided no evidence to bolster the claim. See Exhibit K.

21. A hearing was set on February 3, 2017. See Exhibit L.

22. At the hearing, local counsel appeared to represent Gemini. Counsel was not directly affiliated with Allen and Withrow and was only hired to attend the hearing.

23. At the hearing, the Court found that the December 8, 2016 Order would stand.

24. In April of 2017, Defendants dismissed the action against Joan Jones as well.

25. Because of Defendants' actions, Jones suffered embarrassment because his employer received a garnishment for a debt he does not owe.

26. Because of Defendants' actions, Jones suffered from needless worry, anxiety, mental anguish and emotional distress.

27. Because of Defendants' actions, Jones had to acquire representation from Legal Aid of Arkansas to prevent the injustice of Defendants' scheme to garnish wages of a person it did not sue.

### COUNT I: VIOLATION OF THE FDCPA 15 U.S.C. § 1692(c)(b).

28. Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein, and further asserts for their cause of action the following:

29. 15 U.S.C. § 1692(c)(b) prohibits communication with third parties unless the party has express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post-judgment remedy.

30. Defendants did not have a judgment against John Jones when it sent a writ of garnishment to Jones' employer.

31. The writ of garnishment, therefore, was not reasonably necessary to effectuate a post-judgment remedy because the judgment was against Joan Jones.

32. Defendants' September 15, 2017 writ of garnishment issued on Jones' employer was a violation of 15 U.S.C. § 1692(c)(b).

## COUNT II. VIOLATION OF THE FDCPA 15 U.S.C. § 1692(e)

33. Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein, and further asserts for their cause of action the following:

34. 15 U.S.C. § 1692(e) prohibits debt collectors from using any false, deceptive or misleading representation or means in connection with the collection of any debt.

35. The September 15, 2017 writ of garnishment issued by Defendants for Joan Jones AKA Henry Jones, John Jones, Joann Jones made the false representation that John Jones used an alias of Joan Jones despite John Jones never having done so.

36. The implication that Jones owed any debt purportedly owed by Joan Jones was also false as Jones had never done business with Credit One Bank, the original creditor, or Gemini.

37. The December 14th motion by Defendants alleging that Joan Jones was an alias of John Jones was another false statement made to collect a debt. Defendants made this allegation with no evidence in support and after an Order dismissing their case had been issued.

38. Defendants further set a hearing in February of 2017 that it never intended to prove its case.

39. Instead Defendants sent a local counsel to the hearing with no evidence or indication of proof that John Jones and Joan Jones were the same person or that John Jones could possibly be connected to the debt upon which Defendants were attempting to collect.

40. Defendants' September 15 writ of garnishment, December 14 Motion and actions at the February hearings were violations of 15 U.S.C. § 1692(e).

## COUNT III. VIOLATION OF THE FDCPA 15 U.S.C. § 1692(f)

41. Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein, and further asserts for their cause of action the following:

42. 15 U.S.C. § 1692(f) prohibits unfair or unconscionable means to collect or attempt to collect a debt.

43. Defendants' September 15 writ of possession was an attempt to collect from Jones on a judgment against another person without suing or serving Jones and therefore unfair.

44. Defendants' post-dismissal response and setting of a hearing it never intended to attend or to provide evidence that Jones was the correct debtor were also unfair.

45. Defendants' writ and actions afterward were violations of 15 U.S.C. § 1692(f).

## COUNT IV. ABUSE OF PROCESS

46. Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein, and further asserts for their cause of action the following:

47. To show an abuse of process, a Plaintiff must show a legal procedure set in motion in proper form, but perverted to accomplish an ulterior purpose for which it was designed and a willful act in the use of process not proper in the regular conduct of the proceeding. *Walmart Stores, Inc. v. Binns*, 341 Ark. 157 (2000).

48. Here, Gemini set a legal procedure in motion in proper form with its September writ of garnishment.

49. Gemini perverted the procedure by attempting to collect on a default judgment against someone who was never sued.

50. Gemini acted willfully to add John Jones, Henry Jones and Joann Jones as aliases to a writ of garnishment despite no evidence that those aliases were ever used or that Jones was even the correct person to pursue.

51. Gemini's willful perversion of the writ of garnishment procedure to attempt to collect against Jones without properly serving and suing Jones was an abuse of process.

52. Jones is entitled to actual damages and punitive damages.

## DAMAGES

53. Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein, and further asserts for their cause of action the following:

54. As a direct and proximate result of the occurrence made by Defendant's actions, Jones sustained damages and injuries including, but not limited to, anxiety, emotional distress and embarrassment. Jones had to retain Counsel to prevent an illegal seizure of his income.

55. As a direct and proximate result of the Defendant's actions, Jones is entitled to the following damages:

    1. Statutory Damages of $1,000

    2. Actual Damages

    3. Punitive Damages against Gemini

    4. A declaration that Defendants violated the FDCPA and the ADTPA

    5. A declaration that Gemini abused the writ of garnishment procedure

    6. Attorney's fees and costs of this suit

    7. Any other relief this Court finds just and appropriate.

## FURTHER RELIEF AND PARTIES

56. Plaintiff reserves the right to plead further causes of action as additional parties and facts are identified.

## JURY DEMAND

57. Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, Jones prays that:

1. He be granted statutory damages pursuant to the FDCPA.

2. He be granted actual damages.

3. He be granted judgment for Defendant's violations of the FDCPA and the AFDCPA.

4. He be granted costs and expenses incurred.

5. He be granted an attorney's fee.

CORY S. CRAWFORD
ABN: 2011205
Legal Aid of Arkansas, Inc.
714 South Main Street
Jonesboro, AR 72401
870-972-9224
FAX: 870-910-5562
ccrawford@arlegalaid.org

## VERIFICATION

STATE OF ARKANSAS            )
                             )
COUNTY OF __Phillips__       )

    I, John Jones, hereby state on oath that I have read the above and foregoing Complaint and the facts, statements, and allegations contained therein are true and correct to the best of my knowledge, information and belief.

_____
JOHN JONES

Subscribed and sworn to before me the undersigned Notary Public on the __7th__ day of __September__, 2017

_____
Notary Public

